# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1952V

|  |  |
|---|---|
| APRIL WARNER, Individually, and as Administratrix of the ESTATE OF ANDREW WARNER, Deceased, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: June 6, 2025 |

*Charles W. Marsar*, R.J. Marzella & Associates, P.C., Harrisburg, PA, for Petitioner.

*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 20, 2018, April Warner, individually and as Administratrix of the Estate of Andrew Warner, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petition, ECF No. 1. Petitioner alleged that her husband, Andrew Warner, suffered Guillain-Barré syndrome ("GBS") and/or Chronic Inflammatory Demyelinating

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Polyneuropathy ("CIDP") after receiving an influenza ("flu") vaccination on or about October 5, 2015. Petition at 1. On January 31, 2024, Petitioner filed a Joint Stipulation of Dismissal, and on March 4, 2024, I issued an Order Concluding Proceedings pursuant to Vaccine Rule 21(a). Order, dated Mar. 4, 2024 (ECF No. 37).

Prior to filing the Joint Stipulation of Dismissal, Petitioner filed a motion for attorney's fees and costs, requesting an award of $28,197.48 (representing $26,599.50 in fees plus $1,597.98 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 14, 2023, (ECF No. 33). Regarding Petitioner's out-of-pocket expenses, counsel represents that "[d]espite attempts to have Petitioner sign an Order 9 statement that she incurred no costs as a result of this legal action, she has thus far refused or been unable to sign. Petitioner has incurred no costs. All costs associated with this action have been incurred by me and my firm and are attached as a separate exhibit." *Id.* at 3. Respondent did not file a response to Petitioner's Motion.

I. **Relevant Procedural History**

On May 19, 2020, Respondent filed his Rule 4(c) Report maintaing that this case was not appropriate for compensation. Respondent's Rule 4(c) Report ("Report") at 1 (ECF No. 27). Respondent concluded that Petitioner had not alleged, nor did the records support, a Vaccine Injury Table ("Table") injury, and that Mr. Warner's likely diagnosis of CIDP was not a compensable injury on the Table. *Id.* at 6. Respondent also contended that Petitioner had not demonstrated that her husband's death was caused-in-fact by the vaccination. *Id.* at 8.

On January 12, 2022, I ordered Petitioner to provide any outstanding medical records, affidavits, expert reports, or other evidence supporting the conclusion that Mr. Warner was diagnosed with GBS and/or his vaccination caused-in-fact his injury/death, and that Petitioner should prevail on the merits of her claim. ECF No. 29. Petitioner never responded to that Order, however, and I subsequently ordered Petitioner to show cause as to why the case should not be dismissed for insufficient proof. ECF No. 30. The Joint Stipulation of Dismissal followed. ECF No. 36.

II. **Petitioner's Claim and Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at

length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Human Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Human Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Human Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Here, I find that Petitioner's claim had sufficient objective basis to entitle her to a fee award. Claims that vaccines can cause GBS and CIDP are common enough in the Program to have facial credibility. Even though this claim was unsuccessful, there was some objective evidence in the record to support bringing the claim, and Respondent for his part does not otherwise contest reasonable basis. Thus, in light of the exceedingly

3

lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible.

### III.     Calculation of Fees

Petitioner requests the following rates for her attorney, based on the years work was performed:

| **Attorney** | 2017 | 2018 | 2019 | 2020 | 2021 | 2023 |
|---|---|---|---|---|---|---|
| Ms. Robin J. Marzella (Attorney) | $400 | $410 | $420 | $440 | - | - |
| Ms. Dawn Parker (Paralegal) | $165 | $165 | $165 | $165 | $165 | $165 |

These rates require adjustment.

According to her affidavit, Ms. Marzella was barred by the Pennsylvania Supreme Court on December 8, 1992, and barred by the United States Court of Federal Claims (USCFC) on October 8, 2019. Motion, Ex. 1 at 3. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for their work. *See Underwood v. Sec'y of Health & Hum. Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

Because Ms. Marzella was not a member of the USCFC bar until October 2019, she may only be compensated at non-attorney rates for the work she performed from 2017 to October 2019. I will instead compensate Ms. Marzella's time for such work at the highest paralegal rates, based on the Office of Special Masters' fee schedule,[3] as follows: $148 per hour for work performed in 2017, $153 per hour for work performed in 2018, and $156 per hour for work performed in 2019 (until October). This results in a reduction of **$2,494.10**.[4]

Regarding the remainder of the rates requested, it is well established that an attorney's reasonable hourly rate is determined by the "forum rule," which base the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*,

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited June 5, 2025).

[4] This amount is calculated as: ($400 - $148 x 6.3 hrs.) + ($410 - $153 x 2.5 hrs.) + ($420 - $156 x 1.0 hrs.) = $2,494.10.

4

515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Ms. Marzella practices in Harrisburg, Pennsylvania, which is served by the Middle District of Pennsylvania. But geographic areas within the Middle District of Pennsylvania (such as Hershey, Scranton, and Wilkes-Barre) have been distinguished from large urban legal markets like Philadelphia and the District of Columbia, the forum in which this court sits, and thus have consistently been deemed non-forum. *See J.B. v. Sec'y of Health & Hum. Servs.*, No. 15-67V, 2016 WL 4046871, at 3-5 (Fed. Cl. July 8, 2016); *Souryavong v. Lackawanna County*, No. 13–cv–1534, 2016 WL 374462, at *9 (M.D. PA 2016); *Overly v. Global Credit & Collection Corp, Inc.*, No. 10–cv–2392, 2011 WL 2651807, at *4 (M.D. PA. 2011).

In the present Motion, Ms. Marzella asserts that her "current hourly rate is less than the corresponding forum rates that would be appropriate for attorneys practicing in Washington D.C. with the same years of experience to reflect the median hourly rates for attorneys practicing in central Pennsylvania." Motion, Ex 1 at 2. However, comparing the rates requested for Ms. Marzella and for Ms. Parker, her paralegal, with the Office of Special Masters' fee schedule fee schedule, even if Harrisburg were to be deemed "in-forum," I find that the requested rates exceed the OSM fee schedule.

Having been admitted to practice law in 1992, Ms. Marzella had between 27-28 years of experience as of 2019 and 2020. *See* Motion, Ex. 1 at 1. Despite her significant general legal experience, this case is her first case in the Vaccine Program in which her hourly rates are being set.[5] Based on rates established for comparably experienced counsel with similar Vaccine Program experience, who are also in non-forum or undetermined-forum jurisdictions, I find it reasonable to compensate Ms. Marzella at the following rates: $335 per hour for work performed in 2019 (after October), and $350 per

---

[5] In her affidavit, Ms. Marzella avers that her "fees were previously approved by this court" at rates between $394 per hour and $525 per hour from 2017, through 2022, citing "No. 14-762V." Motion, Ex. 1 at 2. However, the cited case was adjudicated in 2018, and it did not involve Ms. Marzella or her firm. *See Garrison v. Sec'y of Health & Hum. Servs.*, No. 14-762V, 2018 WL 2772179 (Fed. Cl. May 3, 2018). Moreover, I did not identify any other Vaccine Program decisions in which Ms. Marzella was awarded attorneys' fees.

5

hour for work performed in 2020. This results in a reduction of **$130.50**.[6] Similarly, I find it reasonable to compensate Ms. Parker at reduced paralegal rates as follows: $120 per hour for work performed in 2017, $125 per hour for work performed in 2018, $130 per hour for work performed in 2019, $135 per hour for work performed in 2020, $145 per hour for work performed in 2021, and $155 per hour for work performed in 2023. This results in a reduction of **$5,243.00**.[7]

Otherwise, I will award all attorney and paralegal time devoted to this matter as requested. And I make no adjustments to the total time billed to the matter.

## IV.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioner must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the bases for a particular cost, special master have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of health & Hum. Servs.*, No. 99-480V, 2005 WL 61225220, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,597.98 in outstanding costs, including the filing fee, postage, and medical record retrieval costs. Motion, Ex. 3 at 1-2. Such costs are typical in Program cases, and are reasonably awarded herein.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorneys' fees and costs, and find Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

---

[6] This amount is calculated as: ($420 - $335 x 0.9 hrs.) + ($420 - $350 x 0.6 hrs.) = $130.50.
[7] This amount is calculated as: ($165 - $120 x 37.4 hrs.) + ($165 - $125 x 79.8 hrs.) + ($165 - $130 x 8.0 hrs.) + ($165 - $135 x 2.0 hrs.) + ($165 - $145 x 1.1 hrs.) + ($165 - $155 x 0.6 hrs.) = $5,243.00.

| | |
|---|---|
| Attorneys' Fees Requested | $26,599.50 |
| (Reduction of Fees) | (7,867.60) |
| **Total Attorneys' Fees Awarded** | **$18,731.90** |
| | |
| Attorneys' Costs Requested | $1,597.98 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,597.98** |
| | |
| **Total Attorneys' Fees and Costs** | **$20,329.88** |

**Petitioner is awarded a lump sum in the amount of $20,329.88 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.